UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TAJHON WILSON,

                    Plaintiff,

v.                                                    Case No. 3:23-cv-1354-BJD-PDB

WARDEN TRAVIS LAMB and
OFFICER Z. WILSON,

                    Defendants.

_____

## ORDER

### I. Status

Plaintiff, Tajhon Wilson, an inmate of the Florida Department of Corrections, is proceeding *pro se* and *in forma pauperis* on a Complaint (Doc. 1; Compl.) for the violation of civil rights under 42 U.S.C. § 1983 against two individuals based on conduct that occurred at the Regional Medical Center ("RMC"). Plaintiff alleges Defendant Officer Wilson physically assaulted him on January 6, 2023, while he was handcuffed and on his way to a mental health examination. *See* Compl. at 6. Plaintiff contends Defendant Wilson broke his jaw. *Id.* The next month, Plaintiff was transferred to a different correctional institution, where he remained for about six months before returning to RMC. *Id.* at 6–7.

Plaintiff alleges that, upon his return to RMC in August 2023, Defendant Wilson began "retaliating [against him] . . . for reporting misconduct by correctional officers" and "orchestrated a hit on [his] life . . . [by] pa[ying] a high ranking gang member … to knock [him] out." *Id.* at 7–8. Additionally, Plaintiff alleges that, days before he submitted his Complaint, Defendant Warden Lamb threatened to cut off all access to medical care, including cardiology, and Plaintiff was "suffer[ing] from chest pains and heart complications" at the time. *Id.* at 7.

In acknowledgement of his three-strikes status, Plaintiff contends he included these latter allegations (regarding events that transpired when he returned to RMC in August) to demonstrate he was in imminent danger of serious physical injury when he filed his Complaint. *See id.* at 7–8. The Court found his allegations sufficient to invoke the "imminent-danger" exception to dismissal and permitted him to proceed as a pauper despite him being a three-strikes litigant. *See* Order (Doc. 5) (citing 28 U.S.C. § 1915(g), the Prison Litigation Reform Act). As relief, Plaintiff seeks compensatory and punitive damages for the injuries to his jaw and for an alleged denial of medical treatment for his chest pains. *See* Compl. at 5.

Before the Court is Defendants' Motion to Dismiss (Doc. 9; Def. Mot.), which Plaintiff opposes (Doc. 12; Pl. Resp.).

## II. Motion to Dismiss Standard

A defendant may move to dismiss a complaint for a plaintiff's "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). In ruling on such a motion, the court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding *pro se*, but need not accept as true legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Though detailed factual allegations are not required, Rule 8(a) demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* A plaintiff should allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's claims. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

## III. Analysis

Defendants seek dismissal on the following grounds: (1) Plaintiff is a three-strikes litigant, and he did not sufficiently allege he was in imminent danger of serious physical injury; (2) Plaintiff failed to exhaust his administrative remedies for any purported claims other than the excessive force claim against Defendant Wilson based on the alleged January 6, 2023 assault; (3) Plaintiff does not state a plausible claim against Defendant Lamb;

and (4) any claim for damages against the Warden in his official capacity is barred under the Eleventh Amendment.[1] *See* Def. Mot. at 1.

First, as to Defendants' argument that Plaintiff's pauper status should be revoked and the action dismissed because he is a three-strikes litigant, their Motion will be denied. The Court previously concluded Plaintiff sufficiently invoked the "imminent danger" exception to the three-strikes bar. *See* Order (Doc. 5). In particular, Plaintiff alleges that Defendant Wilson placed a hit on his life upon his return to RMC, Defendant Wilson assaulted him again and threatened to kill him, and Defendant Lamb threatened to withdraw all medical care, including for chest pains he was experiencing when he filed his Complaint. *See* Compl. at 7–8.

Next, as to exhaustion, Defendants concede Plaintiff exhausted his administrative remedies for the Eighth Amendment excessive force claim against Defendant Wilson arising out of the alleged events on January 23, 2023. *See* Def. Mot. at 14. Accordingly, Defendants' Motion will be denied as to this argument as well.

---

[1] Defendants incorrectly mention a "Defendant Ward" in the section of their Motion invoking Eleventh Amendment immunity. *See* Def. Mot. at 17–18. As Plaintiff notes in his Response, no such Defendant is named in the Complaint. *See* Pl. Resp. at 6. Plaintiff names Defendant Wilson solely in his individual capacity. *See* Compl. at 2.

4

With respect to any purported claims Plaintiff seeks to raise against Defendants Wilson or Lamb based on events that occurred after he returned to RMC in August 2023, Plaintiff fails to state a plausible claim for relief, or any such claims are unrelated to the January 2023 incident, so whether he exhausted any such claims is moot.[2] To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law deprived him of a right secured under the United States Constitution or federal law. "[V]erbal abuse alone is insufficient to state a constitutional claim." *Hernandez v. Fla. Dep't of Corr.*, 281 F. App'x 862, 866 (11th Cir. 2008).

To state a claim that his conditions of confinement violated the Eighth Amendment, a prisoner must allege the defendant was deliberately indifferent to conditions that were "sufficiently serious." *Chandler v. Crosby*, 379 F.3d 1278, 1288 (11th Cir. 2004). Conditions of confinement are sufficiently serious under the Eighth Amendment only if they are so extreme that they expose the prisoner to "an unreasonable risk of serious damage to his future health or safety." *Id.* at 1289. Allegations of merely harsh conditions do not state a claim under the Eighth Amendment. *Id.*

---

[2] For instance, if Plaintiff intended to state a separate Eighth Amendment claim against Defendant Wilson for "assault[ing him] again" on an unspecified date after his return to RMC, not only are his allegations vague, but the two incidents are not sufficiently related so as to be joined in the same action. *See* Fed. R. Civ. P. 20(a)(2).

Temporary strip status amounts to merely harsh conditions of confinement, not those that are sufficiently serious to constitute an Eighth Amendment violation. *See Woodson v. Whitehead*, 673 F. App'x 931, 932 (11th Cir. 2016) ("Confinement without clothing (other than boxers), bedding, or hygienic materials for 72 hours during the months of April and August in Florida is not the type of extreme prison condition[] that create[s] a substantial risk of serious harm."); *O'Connor v. Kelley*, 644 F. App'x 928, 932 (11th Cir. 2016) (holding the prisoner failed to state the conditions of his confinement were cruel and unusual when he was placed on strip status for weeks).

A prison official may not be held liable under § 1983 on a theory of vicarious liability. *See Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003), *abrogated in part on other grounds by Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010). *See also Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990) ("It is axiomatic, in [§] 1983 actions, that liability must be based on something more than a theory of respondeat superior."). A claim against a supervisor arises only "when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation." *Id.*

Absent personal participation in a constitutional violation, the requisite causal connection "can be established when a history of widespread abuse puts

the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so." *See id.*; *Cottone*, 326 F.3d at 1360. A plaintiff relying on the "history of widespread abuse" theory must demonstrate the past deprivations were "obvious, flagrant, rampant and of continued duration," such that the supervising official was on notice of the need to take corrective action. *See Crawford*, 906 F.2d at 671. "A single incident of a constitutional violation is insufficient to prove a policy or custom . . . ." *Craig v. Floyd Cnty., Ga.*, 643 F.3d 1306, 1311 (11th Cir. 2011).

Plaintiff alleges Defendant Lamb threatened to arrange for officers to refuse Plaintiff his medical appointments and thereafter ordered that he be placed on strip status. *See* Compl. at 8. He claims such conduct "illustrates a continuum of supervisory indifference to long standing . . . mistreatment." *Id.*; *see also* Pl. Resp. at 5. Plaintiff explains in his Complaint that he included these allegations to overcome the three-strikes bar, and the Court construes them through that lens. In other words, the Court does not construe Plaintiff's allegations as an attempt to assert a separate Eighth Amendment claim against Defendant Lamb. However, to the extent that is what Plaintiff intended, his allegations are insufficient. Plaintiff does not allege Warden Lamb successfully prevented him from receiving medical care for a serious

medical need, and threats alone do not violate the Constitution. *See* Compl. at 8.[3]

Additionally, accepting as true that Defendant Lamb placed Plaintiff on property restriction, Plaintiff does not allege "that he was deprived of the 'minimal civilized measure of life's necessities' or that the conditions of his confinement posed an unreasonable risk of serious harm to his future health or safety." *See O'Connor*, 644 F. App'x at 932 (quoting *Crosby*, 379 F.3d at 1289). Finally, to the extent Plaintiff's claim against Defendant Lamb is premised solely on Lamb's supervisory position as Warden and knowledge of Defendant Wilson's alleged assaults on Plaintiff, his claim fails because he alleges no facts showing a causal connection between Defendant Lamb's actions or inactions and a constitutional deprivation.

It appears Plaintiff attempts to demonstrate a causal connection by alleging that Defendant Lamb knew of a "history of widespread abuse" or a need for "training" but failed to take appropriate action. *See* Compl. at 7–8. Plaintiff's conclusory allegations are insufficient to demonstrate the causal

---

[3] Moreover, even if Plaintiff could plausibly state a claim against Defendant Lamb for denying him medical attention for a serious medical need, any such claim is unrelated to the excessive force claim against Defendant Wilson and, therefore, may not be pursued in the same Complaint. *See* Fed. R. Civ. P. 20(a)(2). If Plaintiff wants to pursue a claim against Defendant Lamb for a denial of medical care, he may initiate a separate action by filing a new complaint.

connection necessary to proceed on a claim against a supervisor under § 1983. He does not allege Defendant Lamb was aware of prior, similar constitutional deprivations occurring with such regularity that they could be described as "obvious, flagrant, rampant, [or] of continued duration." *See Crawford*, 906 F.2d at 671. He also does not allege facts demonstrating "the need for more or different training [was] obvious." *See Belcher v. City of Foley, Ala.*, 30 F.3d 1390, 1397–98 (11th Cir. 1994) ("Failure to train can amount to deliberate indifference when the need for more or different training is obvious, such as when there exists a history of abuse by subordinates that has put the supervisor on notice of the need for corrective measures, and when the failure to train is likely to result in the violation of a constitutional right." (internal citations omitted)). Rather, in his Complaint, Plaintiff focuses solely on his own experiences, which do not demonstrate Defendant Lamb was on notice of a "history of widespread abuse." *See Craig*, 643 F.3d at 1312 (reasoning that the plaintiff's evidence of "a single incident of unconstitutional activity," and reliance on "his experience alone" was insufficient to establish the correctional facility had a custom or practice "that was persistent or widespread").

Accordingly, it is now

**ORDERED**:

1.    Defendants' Motion to Dismiss (Doc. 9) is **GRANTED in part** and **DENIED in part**. The Motion is **GRANTED** to the extent any purported claims against Defendant Lamb in his individual or official capacity are **dismissed without prejudice**. The Motion is otherwise **DENIED**.

2.    Defendant Wilson must answer the Complaint (Doc. 1) within **twenty days** of the date of this Order.

3.    The **Clerk** shall **terminate** Defendant Warden Lamb as a party to this action.

**DONE AND ORDERED** at Jacksonville, Florida, this 29th day of January 2025.

BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Tajhon Wilson
Counsel of Record