UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TAJHON WILSON,

        Plaintiff,

v.                                    Case No. 3:23-cv-1354-BJD-PDB

Z. WILSON,

        Defendant.

_____

## ORDER

Plaintiff, an inmate of the Florida penal system, is proceeding on a Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 against Officer Z. Wilson based on conduct that occurred at the Reception and Medical Center ("RMC") on January 6, 2023 (Doc. 1).[1] The Court recently ruled on Defendant's Motion to Dismiss, concluding Plaintiff's excessive force claim against Officer Wilson could proceed. *See* Order (Doc. 14). Defendant Wilson answered the Complaint (Doc. 15), and the Court entered a Case Management and Scheduling Order (Doc. 16).

---

[1] Plaintiff named the Warden in his Complaint as well, but the Court dismissed those claims. *See* Order (Doc. 14).

Before the Court are Plaintiff's Motions for Appointment of Counsel (Doc. 17) and for Temporary Restraining Order ("TRO") (Doc. 18). In his former Motion, Plaintiff asserts he cannot afford counsel, his imprisonment and close management status "will greatly limit his ability to litigate," and an attorney would be better equipped to handle a trial. *See* Doc. 17 at 1. In the latter Motion, which Plaintiff filed when housed at RMC, Plaintiff asserts Defendant Wilson told him "he has an ongoing active hit on Plaintiff's head." *See* Doc. 18 at 2. In support of his Motion for TRO, Plaintiff offers his own declaration and the declaration of a fellow inmate (Docs. 18-1, 18-2). Both declarants report that Defendant Wilson warned Plaintiff about the hit on his life on February 19, 2025, and then, hours later, an officer and an unknown inmate stood in front of Plaintiff's cell, "looking in." *See* Doc. 18-1 at 2; Doc. 18-2 at 2. In a Proposed Order (Doc. 18-4), Plaintiff asks that Defendant Wilson and others "acting in concert . . . with him [be] restrained from executing the active hit on [his] life." *See* Doc. 18-4 at 1.

The Court directed Defendant Wilson to respond to Plaintiff's Motion for TRO. *See* Order (Doc. 19). In the Response (Doc. 24), Defendant Wilson argues the request is moot because Plaintiff was transferred, Plaintiff does not satisfy the elements required to obtain injunctive relief, and his requested relief is unclear. *See* Doc. 24 at 4–6.

Injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, "is an 'extraordinary and drastic remedy,' and [the movant] bears the 'burden of persuasion.'"[2] *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016) (quoting *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000)). To demonstrate entitlement to injunctive relief, a movant must show the following four prerequisites:

> (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest.

*Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005). With respect to the second prerequisite, "the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'" *Siegel*, 234 F.3d at 1176. A request for injunctive relief must be related to the claims raised in the operative complaint. *See Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997), *opinion amended on reh'g*, 131 F.3d 950 (11th Cir. 1997) ("A district court should not issue an injunction when the injunction in question is not of

---

[2] The primary distinction between a temporary restraining order and a preliminary injunction is that the former is issued *ex parte*, while the latter requires "notice to the adverse party." Fed. R. Civ. P. 65(a), (b). *See also* M.D. Fla. R. 6.01, 6.02 (describing the requirements for the issuance of temporary restraining orders and preliminary injunctions).

3

the same character, and deals with a matter lying wholly outside the issues in the suit.").

Generally, a request for injunctive relief becomes moot when a prisoner is transferred or released. *See Smith v. Allen*, 502 F.3d 1255, 1267 (11th Cir. 2007), *overruled in part on other grounds by Hoever v. Marks*, 993 F.3d 1353 (11th Cir. 2021), and *abrogated on other grounds by Sossamon v. Texas*, 563 U.S. 277 (2011). *See also Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir. 1988) (holding the plaintiff's claims for injunctive and declaratory relief regarding the conditions at a facility at which he was no longer housed were to be dismissed as moot).

Plaintiff filed his Motion for TRO when he was housed at RMC, where Defendant Wilson works. He has since been transferred to Santa Rosa Correctional Institution. *See* Notice of Change of Address (Doc. 22). Thus, he no longer faces an actual and imminent injury, and his request for injunctive relief is moot. Regardless, however, Plaintiff's allegations, although tangentially connected to the issues in the suit, deal with a matter unrelated to the underlying excessive force claim, and Plaintiff does not demonstrate a likelihood of success on the merits of that claim.

Finally, to the extent Plaintiff seeks an order directing prison officials to refrain from violating his constitutional rights or the law, such an order would

not satisfy Rule 65's specificity requirement. *See* Fed. R. Civ. P. 65(d)(1) (requiring an order granting injunctive relief to "state its terms specifically and describe in reasonable detail . . . the act or acts restrained or required" (internal punctuation and numbering omitted)). *See also Burton v. City of Belle Glade*, 178 F.3d 1175, 1201 (11th Cir. 1999) (holding the district court "correctly determined that an injunction ordering the City not to discriminate in [the] future . . . would not satisfy the specificity requirements of the Federal Rules of Civil Procedure"). Accordingly, Plaintiff's Motion for TRO will be denied.

Plaintiff's Motion for Appointment of Counsel also will be denied. A plaintiff in a civil case does not have a constitutional right to counsel, even when indigent. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). *See also* 28 U.S.C. § 1915(e)(1) ("The court *may* request an attorney to represent any person unable to afford counsel." (emphasis added)). Courts have broad discretion in deciding whether to appoint counsel and should exercise that discretion only in "exceptional circumstances." *Bass*, 170 F.3d at 1320. Plaintiff points to no "exceptional circumstances" warranting the appointment of counsel. *See id.* He is proceeding against one Defendant on a claim that is not factually or legally complex, and he has demonstrated an ability to litigate on his own behalf. If the circumstances of the case change (e.g., if the case proceeds to a settlement conference or trial), Plaintiff may renew the request.

5

Accordingly, it is

**ORDERED:**

1. Plaintiff's Motion for Appointment of Counsel (Doc. 17) is **DENIED without prejudice**.

2. Plaintiff's Motion for TRO (Doc. 18) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 25th day of March 2025.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:   Tajhon Wilson
     Counsel of Record